UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA, STATE OF ILLINOIS, and STATE OF NEVADA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.1:20-cv-00242 |
| DAVID S. FERRIERO, in his official capacity as Archivist of the United States, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO INTERVENE**

Plaintiffs oppose the motion to intervene for two reasons. *First*, the motion is premature. As one of the movants itself emphasized recently, "[f]or the intervenors to suggest that the Department of Justice and the United States will not defend this case sufficiently to protect [Movants'] governmental interests when the defendants have not even filed an answer yet is an unjustified assumption and clearly fails to meet their burden of establishing the Department of Justice will not adequately protect their interests." State of Alabama's Responsive Submission in Opposition to Motions to Intervene, *State of Alabama v. United States Department of Commerce, et al.*, Case No. 2:18-cv-00772, Dkt. 16 at 4–5 (N.D. Ala. Jul. 20, 2018). For these same reasons, the motion to intervene should not be granted. *Second*, two of the movants—Alabama and Louisiana—do not (and cannot) show that they are entitled to intervene as of right or that their intervention should be permitted. To the extent Alabama and Louisiana believe they have a unique perspective on the Article V ratification process, their views are more properly raised in an amicus brief. The motion to intervene should therefore be denied.

1

## BACKGROUND

On January 27, 2020, Virginia became the 38th state to ratify the Equal Rights Amendment. Compl. at 1. Notwithstanding ratification by the three quarters of states required under Article V of the Constitution, the National Archives and Records Administration announced that the Archivist of the United States would refuse to carry out his ministerial duty of publishing and certifying the Equal Rights Amendment unless otherwise directed by a final court order. *Id.* ¶ 62. The Archivist confirmed he will take no action to certify adoption of the amendment. *Id.*

On January 30, 2020, Plaintiffs commenced this action against the Archivist to compel him to execute his statutory duties to "cause the [Equal Rights Amendment] to be published, with his certificate" that the amendment "has become valid, to all intents and purposes, as a part of the Constitution of the United States." 1 U.S.C. § 106b. On February 19, Alabama, Louisiana, Nebraska, South Dakota, and Tennessee (collectively "Movants") filed a motion to intervene seeking to prevent equality among the sexes from being enshrined in the U.S. Constitution. Dkt. 10 (Motion). The motion attaches a Proposed Answer asserting three defenses. Dkt. 10-1. The named defendant—the Archivist—has not yet appeared in this action.

## STANDARD

Federal Rule of Civil Procedure 24 sets forth two methods for a nonparty to intervene: (1) intervention as of right under Rule 24(a); and (2) permissive intervention under Rule 24(b). Movants seek both types of intervention.

The District of Columbia Circuit "draw[s] from the language of [Federal Rule of Civil Procedure 24(a)(2)] four distinct requirements that intervenors [as of right] must demonstrate: (1) the application to intervene must be timely; (2) the applicant must demonstrate a legally

protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 192 (D.C. Cir. 2013) (internal quotation marks and citation omitted). "The original burden of showing inadequate representation rests on the applicant for intervention." *Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 10 (D.D.C. 2001) (internal quotation marks and citation omitted).

As to permissive intervention, Federal Rule of Civil Procedure 24(b)(1)(B) provides that the Court may permit intervention by one who "has a claim or defense that shares with the main action a common question of law or fact." In evaluating permissive intervention, courts weigh three factors: (1) whether the request to intervene is timely; (2) whether the applicant's claim shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b); *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015); *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, No. CV 18-2015 (RC), 2019 WL 3430746, at *3 (D.D.C. July 30, 2019). "Permissive intervention is inherently discretionary and a court may deny a motion for permissive intervention even if the movant has met all of the requirements of Rule 24(b)." *Love v. Vilsack*, 304 F.R.D. 85, 89 (D.D.C. 2014) (internal quotation marks and citation omitted), *aff'd*, No. 14-5185, 2014 WL 6725758 (D.C. Cir. Nov. 18, 2014).

## ARGUMENT

The motion to intervene should be denied because it fails to show Movants are entitled to intervene as of right under Rule 24(a) or that permissive intervention under Rule 24(b) is appropriate at this time. As to Alabama and Louisiana, the motion fails for an additional reason: these two non-ratifying states do not have an interest in this litigation beyond a generalized

3

disdain for the Equal Rights Amendment—"Equality of rights under the law shall not be denied or abridged by the United States or by any state on account of sex"—as a matter of policy.

## I.     Movants are not entitled to either form of intervention at this stage of the litigation

Movants' arguments supporting both forms of intervention are based on speculation about what the named defendant (the Archivist) may eventually do. But the Archivist has not yet entered an appearance in this case—much less responded to the complaint. Without knowing how the Archivist will respond, neither the Movants nor the Court can properly evaluate Movants' request to intervene. The motion should therefore be denied, or at the very least, deferred until after the Archivist responds to the complaint.

### A.     Movants cannot carry their burden under Rule 24(a) without knowing how the Archivist will defend this suit

To meet the last two elements of intervention as of right—that the action threatens to impair their interests and that no party to the action can be an adequate representative of the applicant's interests, *Deutsche Bank*, 717 F.3d at 192—Movants must show *more* than a "mere difference of opinion concerning the tactics with which litigation should be handled." *Jones v. Prince George's Cty., Maryland*, 348 F.3d 1014, 1020 (D.C. Cir. 2003) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1909, at 344 (2d ed. 1986)); see *id.* (noting that "[i]f disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning") (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 181 (2d Cir. 2001)). Movants cannot make this showing, nor can the Court evaluate Movants' arguments on this score, when the Archivist has not appeared in the case. See generally *Building & Construction Trades Department, AFL–CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (holding that an

employer's motion to intervene as a defendant was properly denied under Rule 24(a) when the employer "offered no argument not also pressed by" the government).

Notwithstanding their representation that "the Archivist now agrees with Movants that the original ERA can never be ratified," Movants insist they are nevertheless entitled to intervention as of right because they "have no reason to believe the Justice Department will advance these defenses or otherwise protect Movants' interests." Motion at 6. That argument flips Movants' burden on its head: It is Movants who must establish that the parties will not adequately protect their interests, and they have failed to do so.

Movants rely on memoranda issued by the Office of Legal Counsel to support their speculation that the Archivist might not protect Movants' interests. But OLC memoranda do not inform the Court of the Archivist's position in this case. *First*, the positions in the OLC memoranda do not dictate the Archivist's litigation strategy here. For example, the Archivist may or may not make procedural arguments, defend on the merits, or raise certain arguments— none of which is informed by the positions OLC has taken in the past. *Second*, as Movants themselves point out, OLC has already contradicted itself in its theories on the Equal Rights Amendment. See *Ratification of the Equal Rights Amendment*, 44 Op. O.L.C. __, at *3 (Jan. 6, 2020), *available at* https://www.justice.gov/olc/file/1235176/download ("we disagree with the 1977 [OLC] opinion's conclusion that Congress may extend a ratification deadline on an amendment pending before the States"); see also Motion at 5 (describing various OLC memoranda arriving at contradictory and "opposite" conclusions). OLC's memoranda are no substitute for the Archivist's response to the Plaintiffs' complaint, and Movants' speculation about the positions the Archivist might take is simply insufficient to support intervention as of right. *Laube v. Campbell*, 215 F.R.D. 655, 657 (M.D. Ala. 2003) ("Interests that are contingent

upon some future events and which are 'purely a matter of speculation' are not 'the kind of protectable interest . . . necessary to support intervention as of right.'") (quoting *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1322 (11th Cir. 1990)).[1]

In *State of Alabama v. United States Department of Commerce*, the State of Alabama opposed intervention by a public interest organization and local governments before the federal government responded to the complaint, arguing that a motion to intervene before the federal government responded to the complaint was "premature because there is not a current way to determine whether the 'existing parties adequately represent' the [Movants]." No. 2:18-cv-00772, Dkt. 16 at 3. The same logic applies here: "Only when (and if) the United States Department of Justice, acting as counsel for the [Archivist], fails to adequately represent in litigation the protectable interests of the [Proposed Intervening States], does a motion to intervene become appropriate." *Id.* at 4.[2] And consistent with Alabama's arguments opposing intervention, the district court in *State of Alabama v. United States Department of Commerce* declined to rule on the motion to intervene until after the defendants responded to the complaint.

---

[1] See also *United States v. Microsoft Corp.*, No. CIV.A.98-1232(CKK), 2002 WL 319784, at *2 (D.D.C. Jan. 28, 2002) ("In the Court's view, Federal Rule of Civil Procedure 24 does not require the Court to permit intervention based upon speculation that intervention may be useful for protecting one's rights, if the need for such protection should arise at some point in the proceedings. . . . Accordingly, inasmuch as Proposed Intervenors seek to intervene in anticipation of an actual need for intervention, the Court shall deny the motion as premature.") (internal citation omitted); *Franciscan All., Inc. v. Burwell*, No. 7:16-CV-00108-O, 2017 WL 2964088, at *4 (N.D. Tex. Jan. 24, 2017) ("As of this Order, Defendants have taken no action inconsistent with Putative Intervenors' objective to demonstrate the Rule's legality. Because it is not yet clear whether Defendants will adequately represent Putative Intervenors' interests, Putative Intervenors may not presently intervene as of right for 'failure to satisfy any one requirement precludes intervention of right.'") (quoting *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Commissioners of The Orleans Levee Dist. & State Of Louisiana*, 493 F.3d 570, 578 (5th Cir. 2007)).

[2] See also *Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 10 (D.D.C. 2001) (denying motion to intervene when "the only potential for inadequacy in the representation of the [defendant] is the risk that the [defendant] will not vigorously defend itself against Plaintiff's APA claim," and "[t]here is no indication in the record that any such risk exists").

*Id.* Dkt. 31. The same is true here. Speculation about the possible inadequacy of representation in the future does not justify intervention now. Because Movants have not established that the Archivist cannot adequately represent their interests, they are not entitled to intervention as of right.

**B.      Permissive intervention should be rejected for this same reason**

Movants cannot meet the requirements of Rule 24(b) because the motion was filed before the Archivist responded to the complaint. Movants claim that they will "focus their briefs and arguments on their own unique defenses, rather than duplicating defenses and arguments that the Archivist raises himself," Motion at 15, but at this early stage of the case Movants cannot conclude that the Archivist will not raise the defenses Movants seek to assert in the proposed answer. And, already, the motion signals Movants' interest in prejudicing the adjudication of this action by inviting conjecture about how the 28th Amendment will affect "prohibitions on the public funding of abortion[,]support for women-only prisons and shelters," and school athletic programs. Motion at 1, 9. Accordingly, the request for permissive intervention should be denied. *See generally Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, No. 1:16-cv-1460 (APM), 2017 WL 11482390 at *2 (D.D.C. Aug. 18, 2017) ("defer[ring] ruling on Proposed Intervenors' Motion to Intervene" because "Proposed Intervenors' desire to participate in the parties' ongoing discussions about the scope of the litigation . . . does not outweigh the court's interests in judicial economy" and fact that "Proposed Intervenors are wary that the Federal Defendants may bargain away aspects of" the case are "speculative and overly aspirational").

Because Movants seek to intervene before the Archivist has appeared, the motion is premature and should be denied. In the alternative, the Court should defer ruling on the motion

until the Archivist has responded to the complaint, at which point the parties should be permitted to further brief the issue.

## II.    At no point in this litigation will the states of Alabama or Louisiana be able to show that their intervention is appropriate

If the Court elects to consider the current requests to intervene, it is clear that two of the Movants (Alabama and Louisiana) are not entitled to intervene for another independent reason. As non-ratifying states, Alabama and Louisiana cannot identify a legally protected interest threatened by the discrete procedural questions before the Court in *this* action. See generally *Deutsche Bank*, 717 F.3d at 192. Policy concerns—especially those arising from speculation about how the Equal Rights Amendment might someday be interpreted—do not justify intervention by *these* two states in *this* case.

Alabama and Louisiana claim they "rejected the ERA." Motion at 1.[3] But there is simply no threat of this case impairing the interests of Alabama and Louisiana having their inaction misconstrued as ratification of the Equal Rights Amendment. Plaintiffs agree that Alabama and Louisiana have not yet ratified the Equal Rights Amendment, which is why the complaint does not list Alabama and Louisiana among the ratifying states. See Compl. ¶ 31. Nothing suggests

---

[3] Notably, it is not clear that Alabama's entire legislature actually cast a "no" vote on the Equal Rights Amendment. See David E. Kyvig, *Historical Misunderstandings and the Defeat of the Equal Rights Amendment*, 18 (1) Pub. Historian 45, 54 n.24 (1996) (stating that the Equal Rights Amendment had been defeated on the floor of the Senate in Alabama and suggesting that Alabama's House of Representatives has not voted on the Equal Rights Amendment during that same session); see also *The Impact of the Equal Rights Amendment: Hearing on S.J. Res. 10 Before the Subcomm. on the Const. of the S. Comm. On the Judiciary*, 98th Cong. 92 (1983–84). Ambiguity as to whether a "no" vote in one state legislative chamber is sufficient to represent that state's "rejection" of the Equal Rights Amendment highlights the problems that can arise when parties ask federal courts to weigh in on questions of state legislative procedure. Nonetheless, any factual uncertainty about whether Alabama's legislature actively "rejected" the Equal Rights Amendment is irrelevant to whether Alabama may intervene in this action, where only state *ratifications* are at issue and Plaintiffs and Movants agree that Alabama has not ratified the Equal Rights Amendment.

that either Plaintiffs or the Archivist will argue that Alabama and Louisiana's legislatures have participated in the Article V process for adopting the Equal Rights Amendment. Because the motion fails to identify a way in which this suit could threaten to impair Alabama or Louisiana's legal interests, they are not authorized to intervene under Rule 24(a)(2).

Alabama and Louisiana speculate that the Equal Rights Amendment "risk[s] that their duly enacted laws will be challenged as unconstitutional." Motion at 9. Those effects are not before this Court. Plaintiffs' case addresses whether the predicate acts have occurred to trigger the Archivist's duty to certify the adoption of the Equal Rights Amendment. Plaintiffs do not seek an advisory opinion from the court on how, when the Equal Right Amendment takes effect on January 27, 2022, the Constitution will interact with the 50 states' laws, regulations, and programs. See, *e.g.*, *Laube v. Campbell*, 215 F.R.D. 655, 657 (M.D. Ala. 2003) ("Interests that are contingent upon some future events and which are 'purely a matter of speculation' are not 'the kind of protectable interest . . . necessary to support intervention as of right.'") (quoting *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1322 (11th Cir. 1990)). Movants' speculation about how that amendment would apply to a carefully curated selection of their laws, Motion at 9–10, injects culturally divisive topics that simply are not at issue in this case. This dispute is not about the meaning of the Equal Rights Amendment: it is about the constitutional amendment process under Article V.

In any event, the text of the Equal Rights Amendment itself ensures that states will have time to review and revise their laws as needed. If Alabama and Louisiana's interest in discussing the Equal Rights Amendment's application in future cases and controversies entitled them to intervene, thousands of law professors, defense attorneys, prosecutors, advocates, and other groups also will seek intervention to speculate about how our newest amendment may or may

not be applied to parties' potential future interests. To the extent Alabama and Louisiana believe they have additional insight on Article V, they may present such arguments to the Court as amici curiae. See *Seminole Nation of Oklahoma v. Norton*, 206 F.R.D. 1, 10 (D.D.C. 2001) (considering arguments raised in brief of proposed intervenor as amicus curiae).

### III.   Should South Dakota, Tennessee, and Nebraska be permitted to intervene, their participation should be restricted to nonduplicative defenses

If the Court elects to exercise its discretion to allow permissive intervention, Plaintiffs respectfully request the Court set reasonable conditions on intervention. Even when intervention is appropriate, "district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) (granting intervention motions but placing conditions upon intervention). "[A]ny conditions imposed should be designed to ensure the fair, efficacious, and prompt resolution of the litigation." *Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15 (D.D.C. 2016) (imposing conditions on intervention).

For the reasons discussed above, it is premature to conclude that the Archivist will not represent Movants' interests. But, even accepting their theory, Movants—specifically, South Dakota, Tennessee, and Nebraska—raise only one unique defense, which asks: whether a state's ratification of a federal constitutional amendment is a final act or whether, despite all historical precedent to the contrary, Article V allows a state to change its mind and, if so, how states may do so.

While such an argument could be raised to the Court effectively through an amicus curiae brief, if the Court decides to allow intervention, it should limit the scope of intervention to that issue to mitigate delay, prejudice, and duplication of arguments.

## CONCLUSION

For the reasons outlined above, the motion to intervene should be denied. Alternatively, Plaintiffs ask that the Court decline to rule on the motion to intervene until after the Archivist has responded to the complaint. If the Court permits intervention at that time, Movants should be limited to pursuing defenses that do not overlap with those asserted by the Archivist.

Dated: March 10, 2020

Respectfully submitted,

COMMONWEALTH OF VIRGINIA, STATE OF ILLINOIS, AND STATE OF NEVADA

MARK R. HERRING
Attorney General of Virginia

By:  /s/ Michelle S. Kallen
MICHELLE S. KALLEN [1030497]
TOBY J. HEYTENS [490314]
MARTINE E. CICCONI [219373]
JESSICA MERRY SAMUELS [1552258]
ZACHARY R. GLUBIAK
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
mkallen@oag.state.va.us

*Attorneys for Plaintiff*
*Commonwealth of Virginia*

KWAME RAOUL
Attorney General of Illinois

By:  /s/ Kathryn Hunt Muse
KATHRYN HUNT MUSE
CHRISTOPHER WELLS
ELIZABETH ROBERSON-YOUNG
Office of the Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-3000 – Telephone
(312) 814-5024 – Facsimile
kmuse@atg.state.il.us
cwells@atg.state.il.us
erobersonyoung@atg.state.il.us

*Attorneys for Plaintiff State of Illinois*

AARON D. FORD
Attorney General of Nevada

By:  /s/ Heidi Parry Stern
HEIDI PARRY STERN
CRAIG A. NEWBY
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1100 – Telephone
(775) 684-1108 – Facsimile
HStern@ag.nv.gov
CNewby@ag.nv.gov

*Attorneys for Plaintiff State of Nevada*

11

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Civil Rule 5.4(d), I hereby certify that on March 10, 2020, I will file this document electronically through the Court's CM/ECF system, which will effect service on all counsel who have appeared. I further certify that I will email a copy of this document and all attachments to the following:

Vinita Andrapalliyal
Liam Holland
United States Department of Justice
Civil Division, Federal Programs Branch
Vinita.B.Andrapalliyal@usdoj.gov
Liam.C.Holland@usdoj.gov

*Counsel for Defendant Archivist of the United States*

*/s/ Michelle S. Kallen*
Michelle S. Kallen

*Counsel for Plaintiff*
*Commonwealth of Virginia*