UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA, STATE OF ILLINOIS, and STATE OF NEVADA,<br><br>  Plaintiffs,<br><br>v.<br><br>DAVID S. FERRIERO, in his official capacity as Archivist of the United States,<br><br>  Defendant,<br>and<br><br>ALABAMA, LOUISIANA, NEBRASKA, SOUTH DAKOTA, and TENNESSEE,<br><br>  Intervenor-Defendants. | Case No. 1:20-cv-00242<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFF STATES' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Plaintiff States hereby move for summary judgment and request that the Court enter judgment in favor of Plaintiff States as against both Defendant David S. Ferriero, in his official capacity as Archivist of the United States; and Intervenor-Defendants Alabama, Louisiana, Nebraska, South Dakota, and Tennessee. For the reasons discussed below and set forth in the referenced memoranda,[1] both of which are incorporated here by reference, Plaintiff States are entitled to judgment as a matter of law on their claim against all Defendants for mandamus relief under 28 U.S.C. § 1361. Plaintiff States' claim raises only questions of law, and there are no genuine disputes of material fact that preclude entering judgment in favor of Plaintiff States.

---

[1] Plaintiff States' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss (Dkt. 37) is referred to throughout as "Pls.' MTD Opp." Plaintiff States' Memorandum of Points and Authorities in Opposition to Intervenors' Motion for Summary Judgment (Dkt. 99) is referred to throughout as "Pls.' MSJ Opp."

**BACKGROUND**

Exactly 100 years after the Nineteenth Amendment granted women the right to vote, all requirements were met to amend the United States Constitution to finally codify sex equality as a fundamental value of American society. Following ratification in recent years by Nevada, Illinois, and then Virginia, the Equal Rights Amendment has been ratified by the requisite 38 States. Under Article V, the moment that Virginia ratified the Equal Rights Amendment, the Constitution was changed and the Equal Rights Amendment became the 28th Amendment and the law of the land.

Plaintiff States have set forth relevant background regarding Article V and the Equal Rights Amendment in the briefing already pending before this Court, specifically in the their oppositions to the Archivist's motion to dismiss and Intervenors' motion for summary judgment. See Pls.' MTD Opp. at 2–5; Pls.' MSJ Opp. at 3–6. That discussion is incorporated by reference here for purposes of Plaintiffs' motion.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties here agree that this case raises purely legal questions of statutory and constitutional interpretation. Dkt. 29-1 at 2; Dkt. 74 at 13; Pls.' MTD Opp. at 6. There are no material facts in dispute that preclude granting Plaintiff States summary judgment. "When the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *325-343 E. 56th St. Corp. v. Mobil Oil Corp.*, 906 F. Supp. 669, 674 (D.D.C. 1995).

**DISCUSSION**

Plaintiff States have explained in previous briefing why they should prevail on their claim for mandamus relief: the Equal Rights Amendment has satisfied the constitutional requirements to be added to the United States Constitution, and the Archivist has a non-discretionary duty under federal law to publish and certify the Equal Rights Amendment as valid. To minimize duplicative briefs, Plaintiff States explain below how memoranda already pending before this Court show they are entitled to judgment as a matter of law.

**I.     The Equal Rights Amendment has met all of Article V's requirements**

Article V of the United States Constitution establishes the process for amending our Nation's foundational document. As relevant here, Congress "propose[s]" an "Amendment[] to th[e] Constitution," which is "valid to all Intents and Purposes, as Part of th[e] Constitution, when ratified by the Legislatures of three fourths of the several States." U.S. Const. art. V. Under that framework, Congress proposed the Equal Rights Amendment, see Plaintiff States' Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J. (attached) (Pls.' SMF) ¶ 1, and as of January 27, 2020, 38 States have ratified, see *id.* ¶¶ 3, 5, 7, 10. As the Archivist himself has explained, "a proposed Amendment becomes part of the Constitution *as soon as it is ratified* by three-fourths of the states," regardless of whether Congress takes any further action.[2] The fact that the Equal Rights Amendment was originally proposed by Congress in 1972 does not undermine its validity because, contrary to Intervenors' argument, Article V does not include any requirement that ratification and proposal be sufficiently contemporaneous. See Pls.' MSJ Opp. at 9–15.

---

[2] Letter from David S. Ferriero to Hon. Carolyn Maloney (Oct. 25, 2012), available at www.congress.gov/116/meeting/house/109330/documents/HHRG-116-JU10-20190430-SD007.pdf (emphasis added).

Accordingly, under the plain text of Article V, the Equal Rights Amendment is now part of the United States Constitution. See *Hawke v. Smith*, 253 U.S. 221, 227 (1920) ("The language of [Article V] is plain, and admits of no doubt in its interpretation. It is not the function of courts or legislative bodies, national or state, to alter the method which the Constitution has fixed.").

## II. The timeframe in the congressional resolution did not prevent Plaintiff States from ratifying

As the Complaint acknowledges, the congressional resolution accompanying the proposed text of the amendment stated that the "amendment . . . shall be valid . . . as part of the Constitution when ratified by the legislatures of three-fourths of the several States within seven years from the date of its submission by the Congress." H.R.J. Res. 208, 92d Cong., 86 Stat. 1523 (1972) (attached as Kallen Decl. Ex. 1); see also Compl. ¶ 27. Importantly, the "seven years" language is not located *anywhere* in the text of the "Amendment[]" that Congress "propose[d]" adding to the Constitution pursuant to Article V. That extra-textual timeframe cannot foreclose States from exercising their own constitutional prerogative to ratify the Equal Rights Amendment. This conclusion arises from Article V's text, structure, history, and original understanding. The Supreme Court's opinion in *Dillon v. Gloss*, 256 U.S. 368 (1921), is not to the contrary. These points have been explained in detail in memoranda incorporated here by reference. See Pls.' MTD Opp. at 19–26; Pls.' MSJ Opp. at 7–9. See also Amicus Br. of New York et al. (Dkt. 67), at 3–20.

## III. Ratification is a one-time event that may not be "rescinded"

The text and history of Article V likewise make clear that a State that has previously ratified a proposed constitutional amendment may not nullify that ratification by later purporting to "rescind" it. Rescissions are not authorized under Article V, and have never before been recognized. Instead, amendments may be repealed by the passage of a subsequent amendment.

4

*E.g.*, U.S. Const. amend. XXI. Accordingly, any attempts by State officials to undo their legislature's ratification of the Equal Rights Amendment have no legal effect. See Pls.' MSJ Opp. at 16–27. See also Amicus Br. of New York et al. (Dkt. 67), at 20–25.

### IV.     Plaintiff States are entitled to mandamus relief

Under federal law, when the Archivist receives "official notice . . . that any amendment proposed to the Constitution of the United States has been adopted, according to the provisions of the Constitution," he "*shall forthwith* cause the amendment to be published, with his certificate, specifying . . . that the same has become valid, to all intents and purposes, as a part of the Constitution of the United States." 1 U.S.C. § 106b (emphasis added). This provision imposes a ministerial duty on the Archivist and affords him no discretion in deciding whether to publish and certify a newly adopted amendment. Although the Archivist has received notice of ratification by 38 States, he now refuses to publish and certify the Equal Rights Amendment and has announced that he will only do so if "directed by a final court order." Pls.' SMF ¶ 14; Kallen Decl. Ex. 6. Mandamus is therefore appropriate to compel the Archivist to carry out his statutory obligation. See Compl. ¶¶ 57–62, 75–81; Pls.' MTD Opp. at 18–19, 26–28.

## CONCLUSION

Accordingly, Plaintiff States request that their motion for summary judgment be granted and that the Court enter judgment as a matter of law in favor of Plaintiff States. Plaintiff States further request that the Court award the following relief as sought in the Complaint:

a)     Declare that the Equal Rights Amendment is "valid" and "part of th[e] Constitution" within the meaning of Article V;

b)     Declare that the Archivist's refusal to publish and certify the Equal Rights Amendment violates federal constitutional and statutory law;

c) Order the Archivist to execute his statutory duties under 1 U.S.C. § 106b as soon as practicable, by instructing him to "cause the [Equal Rights Amendment] to be published, with his certificate" stating that the Plaintiff States are among those that have ratified and that the amendment "has become valid, to all intents and purposes, as a part of the Constitution of the United States";

d) Grant Plaintiffs reasonable costs and attorney fees, including those costs and fees allowable under 28 U.S.C. § 2412; and

e) Grant additional relief at law and in equity as the interests of justice may require.[3]

---

[3] Given the significant constitutional interests at issue in this case, Plaintiff States respectfully request oral argument on this motion.

Dated: August 19, 2020 								Respectfully submitted,

COMMONWEALTH OF VIRGINIA, STATE OF ILLINOIS, and STATE OF NEVADA

KWAME RAOUL
Attorney General of Illinois

 By:   */s/ Kathryn Hunt Muse*
KATHRYN HUNT MUSE
CHRISTOPHER WELLS
ELIZABETH ROBERSON-YOUNG
Office of the Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-3000 – Telephone
(312) 814-5024 – Facsimile
kmuse@atg.state.il.us
cwells@atg.state.il.us
erobersonyoung@atg.state.il.us

*Attorneys for Plaintiff*
*State of Illinois*

MARK R. HERRING
Attorney General of Virginia

 By:   */s/ Michelle S. Kallen*
MICHELLE S. KALLEN [1030497]
TOBY J. HEYTENS [490314]
MARTINE E. CICCONI [219373]
JESSICA MERRY SAMUELS [1552258]
ZACHARY R. GLUBIAK
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
mkallen@oag.state.va.us

*Attorneys for Plaintiff*
*Commonwealth of Virginia*

AARON D. FORD
Attorney General of Nevada

 By:   */s/ Heidi Parry Stern*
HEIDI PARRY STERN
CRAIG A. NEWBY
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1100 – Telephone
(775) 684-1108 – Facsimile
HStern@ag.nv.gov
CNewby@ag.nv.gov

*Attorneys for Plaintiff*
*State of Nevada*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Civil Rule 5.4(d), I hereby certify that on August 19, 2020 I will file this document electronically through the Court's CM/ECF system, which will effect service on all counsel who have appeared.

　　　　　　　　　　　　　　　　　　　　　/s/ Michelle S. Kallen　　　　
Michelle S. Kallen

*Counsel for Plaintiff*
*Commonwealth of Virginia*
